William Schimmel, Esq.
Sarai King, Esq.
Weissman & Mintz, LLC
65 Broadway, Suite 827
New York, New York 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLENE TALARICO, individually and on behalf of a class of all others similarly situated;<br><br>Plaintiffs,<br><br>-against-<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>Defendant. | Civil Action No.<br><br>CLASS ACTION<br><br>COMPLAINT FOR INDIVIDUAL DAMAGES<br><br><br>DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1. Plaintiff Charlene Talarico, on behalf of herself and a class of similarly situated individuals, employees at the Port Authority of New York and New Jersey, seeks relief for the Defendant's covert video surveillance of her, and the class of similarly situated invidudual's, private medical examination in violation of rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of New York.

2. Defendant, the Port Authority of New York and New Jersey, employs approximately 8,000 persons, including Charlene Talarico. It also maintains an Office of Medical Services where employees receive various types of medical care.

3. On or around August 4, 2016, Ms. Talarico visited one of the Port Authority's Office of Medical Services in its former location at 233 Park Avenue South after an encounter with another employee that resulted in an injury to her hand. As a result of her incident with the employee, Ms. Talarico filed a complaint against the employee in municipal court in Weehawken, New Jersey. Since then, the complaint has been transferred to another municipal court.

4. On or around February 2, 2017, Ms. Talarico viewed copies of video recordings that were part of discovery produced by the Port Authority in her Municipal court matter. Among these was a video recording of Ms. Talarico's August 4, 2016 medical examination by a Port Authority physician in a private examination room at the Park Avenue South Office of Medical Services. This video recording was made without Ms. Talarico's knowledge or consent.

1

5. The camera that recorded Ms. Talarico's medical examination appears to have been located on the wall and/or ceiling of the examination room, and pointed directly into the examination area. The location and angle of the camera, as well as the fact that it was produced with other security camera footage in discovery, reflects a custom, policy or practice of video recording medical examinations at the Port Authority's Office of Medical Services.

6. Defendant's policy, practice, or custom of covertly video surveilling employee medical examinations is a violation of the Fourth Amendment's prohibition against unlawful searches and seizures, the privacy guarantees provided by the Fourteenth Amendment and the analogous provisions of the New York State Constitution.

7. As a direct and proximate result of Defendant's covert video surveillance of her medical examination at its Office of Medical Services, Charlene Talarico suffered emotional distress and other damages.

8. Charlene Talarico seeks to represent a certified class for the purpose of obtaining relief from the Port Authority for its unlawful actions. Plaintiff seeks compensatory and punitive damages, an award of attorneys' fees and costs, and such other relief as this Court deems just and equitable.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action seeks redress for violations of Plaintiff's constitutional rights.

10. Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over the state constitutional and state law claims set forth below, which are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (d) because Defendant's offices are located in that judicial district and a substantial part of the events or omissions giving rise to the claim occurred in that judicial district.

## JURY DEMAND

12. Plaintiff demands trial by jury in this action on each and every one of her claims.

## PARTIES

### Plaintiff

13. Plaintiff CHARLENE TALARICO ("Ms. Talarico") resides at 207 Lawrence Drive, Paramus, New Jersey, and is employed by Defendant as a Senior Administrative Secretary.

14. Ms. Talarico has worked for Defendant since on or around January 5, 2009, and was examined at Defendant's Office of Medical Services on August 4, 2016.

### Defendant

15. Defendant The Port Authority of New York and New Jersey ("Port Authority") is a bi-state compact between the states of New York and New Jersey. Its main offices are located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007.

16.     On and before August 4, 2016, one of Defendant's Offices of Medical Services was located at 233 Park Avenue South, 8th Floor, New York, New York 10003. On information and belief, this Office of Medical Services was used solely for the provision of medical services to Defendant's employees. Also on information and belief, Defendant was responsible for the operation of this Office of Medical Services. On information and belief, the Park Avenue South location was closed on or around April 15, 2017.

17.     Other Port Authority Office of Medical Services locations include the following: 1 Path Plaza, Jersey City, NJ 07306; 241 Erie St., Room 224, Jersey City, NJ 07310; 156 William St., 4th Floor, New York, New York 10038; 75 N. Hanger Rod, #249, Jamaica, NY 11430.

18.     At all times relevant herein, Defendant violated clearly established constitutional standards under the Fourth and Fourteenth Amendments, as well as analogous provisions of the Constitution of the State of New York.

## CLASS ACTION ALLEGATIONS

19.     Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(1) and (b)(3), named Plaintiff Charlene Talarico seeks to represent a certified Plaintiff class consisting of all persons who have been or will be subjected by Defendants to covert video surveillance during a medical examination at any of Defendant's Offices of Medical Services in violation of the Fourth and Fourteenth Amendments, as well as analogous provisions of the Constitution of the State of New York.

20.     Joinder of other members of the class is impractical because the numbers of this class are so numerous. Defendants employ more than 8,000 persons, hundreds or

4

even thousands of whom may have been examined and covertly surveilled at Defendant's Offices of Medical Services. The Port Authority maintains the names and addresses of putative class members, and notice may be provided to those class members by publication and mail.

21. Joinder is also impractical because, upon information and belief, many members of the class are not aware of the fact that their rights have been violated and that they have the right to seek redress in court.

22. The class members share a number of questions of law and fact in common, including, but not limited to whether the Port Authority engaged and engages in a policy, practice and/or custom of unlawfully covertly surveilling employee medical examinations.

23. The named Plaintiff's claims are typical of those of the class. Like other class members, the named Plaintiff is an employee of Defendant who was – and may again be – subject to covert video surveillance in a medical exam room at one of Defendant's medical facilities where she enjoyed a reasonable expectation of privacy.

24. A class action is superior to other available methods to adjudicate this controversy. As stated above, many members of the class may not know of the violation of their rights, and there are numerous putative class members. Additionally, the damage suffered by individual class members may be small enough to preclude them from independently seeking legal redress.

25. The legal theories under which the named Plaintiff seeks relief are the same or similar to those on which all members of the class will rely, and the harms suffered by the named Plaintiff are typical of the harms suffered by the class members.

5

26. The named Plaintiff will fairly and adequately protect the interests of the class, other Port Authority employees who are subject to covert video surveillance in their employer's medical exam room. The named Plaintiff is seeking compensatory and punitive damages only on an individual basis.

27. The named Plaintiff is represented by Weissman & Mintz, LLC, who are experienced workers' and civil rights counsel. Counsel for the Plaintiff have the resources and experience to prosecute this action. Counsel for the Plaintiff know of no conflicts among members of the class or between the attorneys and members of the class.

## STATEMENT OF FACTS

28. On or around August 4, 2016, Charlene Talarico, a Senior Administrative Secretary employed by Port Authority of New York and New Jersey, had an altercation with a more senior employee who grabbed her hand.

29. Immediately after that incident, Ms. Talarico went to the Port Authority's Office of Medical Services at 233 Park Avenue South, 8th Floor, New York, New York to have her hand examined.

30. Upon arriving at the the 8th floor, Ms. Talarico entered a reception area, passed through a set of double doors, and walked down a hallway into an examination room.

31. The examination room was not open or in a public area.

32. Ms. Talarico was examined by Dr. Pascale Kerlegrand, a physician employed full-time by the Port Authority. Dr. Kerlegrand performed a visual and manual examination of Ms. Talarico's hand.

33.     Dr. Kerlegrand's assessment was that Ms. Talarico suffered a sprain to her left hand.

34.     Shortly thereafter, Ms. Talarico filed a complaint in Weehawken, New Jersey municipal court against the employee who had grabbed her hand.

35.     In response to the municipal prosecutor's request for discovery in municipalt court matter, the Port Authority produced a number of videos of security footage from the day of Ms. Talarico's assault.

36.     On or around February 2, 2017, Ms. Talarico viewed one of the videos, which reflected her entire medical exam by Dr. Kerlegrand.

37.     The examination was videotaped by what appears to be a stationary security camera mounted to the ceiling and/or wall in the closed exam room.

38.     On information and belief, this camera was a fixture in this examination room, where Ms. Talarico and other Port Authority employees received confidential medical care.

39.     Though Ms. Talarico remained fully clothed during her medical exam, the examination room contained a privacy curtain, and was typical of a physician's exam room where patients undress in order to receive medical care.

40.     Ms. Talarico did not consent to the filming of her medical examination.

41.     On information and belief, the Port Authority filmed – and may still be filming – other employees' medical exams without their knowledge or consent.

## COUNT I

**Pursuant to 42 U.S.C. § 1983, Defendant's Violations of the Fourth Amendment Against Named Plaintiff and Class Members**

42. Plaintiff repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

7

43. Defendant, the Port Authority of New York and New Jersey, has implemented, enforced, and/or sanctioned a policy, practice and/or custom of covertly video recording employee medical exams at its Offices of Medical Services.

44. Employee patients enjoy a reasonable expectation of privacy in examination rooms at Defendant's Offices of Medical Services.

45. The Port Authority's covert video surveillance of Plaintiff and other employees in examination rooms at its Offices of Medical Services violates the Fourth Amendment to the United States Constitution, which prohibits unlawful searches and seizures.

## COUNT II

**Pursuant to 42 U.S.C. § 1983, Defendant's Violations of the Fourteenth Amendment Against Named Plaintiff and Class Members**

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. Defendant, the Port Authority of New York and New Jersey, has implemented, enforced, and/or sanctioned a policy, practice and/or custom of covertly video recording employee medical exams at its Offices of Medical Services.

48. Employee patients enjoy a reasonable expectation of privacy in examination rooms at Defendant's Offices of Medical Services.

49. Employee patients also have an expectation that their medical examinations will remain private.

50. The Port Authority's covert video surveillance of Plaintiff and other employees' examinations at its Offices of Medical Services violates the privacy guarantees of the Fourteenth Amendment to the United States Constitution.

## COUNT III

**Pursuant to 28 U.S.C. § 1367(a), Defendant's Violations of Named Plaintiff's and Class Members' Right Against Unreasonable Search Under N.Y. Const. art. I, § 12**

51. Plaintiff repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Defendant, the Port Authority of New York and New Jersey, has implemented, enforced, and/or sanctioned a policy, practice and/or custom of covertly video recording employee medical exams at its Offices of Medical Services.

53. Employee patients enjoy a reasonable expectation of privacy in examination rooms at Defendant's Offices of Medical Services.

54. The Constitution of the State of New York, art. I, § 12 prohibits unreasonable searches and seizures. It is analyzed coextensively with, and sometimes more broadly than, the Fourth Amendment to the United States Constitution.

55. The Port Authority's covert video surveillance of Plaintiff and other employees' examinations at its Offices of Medical Services violates N.Y. Const. art. I, § 12.

## COUNT IV

**Pursuant to 28 U.S.C. § 1367(a), Defendant's Violations of Named Plaintiff's and Class Members' Right to Privacy Under N.Y. Const. art. I, § 6**

56. Plaintiff repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Defendant, the Port Authority of New York and New Jersey, has implemented, enforced, and/or sanctioned a policy, practice and/or custom of covertly video recording employee medical exams at its Offices of Medical Services.

58. Employee patients enjoy a reasonable expectation of privacy in examination rooms at Defendant's Offices of Medical Services.

59. The Constitution of the State of New York, art. I, § 6 guarantees a right to privacy coextensively with the due process clause of the Fourteenth Amendment to the United States Constitution.

60. The Port Authority's covert video surveillance of Plaintiff and other employees' examinations at its Offices of Medical Services violates their right to privacy under N.Y. Const. art. I, § 6.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Certify this case as a class action under Federal Rule of Civil Procedure 23(a) and (b)(1) and (b)(3);

B. Designate Charlene Talarico as the lead Plaintiff representative of the Plaintiff Class;

C. Designate Plaintiff's counsel of record as Class Counsel for the Plaintiff Class;

D. Award Charlene Talarico and each plaintiff emotional distress damages;

E. Award attorneys' fees and costs under 42 U.S.C. § 1988 and any other applicable statute or rule, or in equity; and

F. Award such other relief that the Court deems just and proper.

Respectfully submitted,

Dated: February 1, 2018

/s/ William G. Schimmel
Weissman & Mintz, LLC
65 Broadway, Suite 827
New York, New York 10006
(212) 509-0918
wschimmel@weissmanmintz.com
*Attorneys for Plaintiff Charlene Talarico and the Putative Class*