# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLENE TALARICO, individually and on behalf      1:18-cv-00909-JPO
of a class of all others similarly situated;

                               Plaintiffs,                          **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INDIVIDUAL DAMAGES**

            —against—

THE PORT AUTHORITY OF NEW YORK AND          **JURY TRIAL DEMANDED**
NEW JERSEY,

                                Defendant.
-------------------------------------------------------------------X

Defendant, The Port Authority of New York and New Jersey (the "Port Authority"), by its attorney, The Port Authority of New York and New Jersey Law Department, hereby answers Plaintiff's Complaint for Individual Damages (the "Complaint") in the above-entitled action, and state to this Court upon information and belief the following:

**PRELIMINARY STATEMENT**

1. Neither admits nor denies the statements contained in paragraph "1" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court. To the extent that a response is required, the Port Authority denies any allegations contained in paragraph "1" of the Complaint.

2. Denies the allegations contained in paragraph "2" of the Complaint, except admits that Plaintiff is employed by the Port Authority, that the Port Authority employs approximately 8,000 employees, and that the Port Authority has an Office of Medical Services ("OMS").

3. Admits only that on or about August 4, 2016, Plaintiff visited the Port Authority's OMS located at 233 Park Avenue South, New York, NY 10003, denies knowledge or information sufficient to form a belief as to the allegations regarding the independent municipal court

proceedings contained in paragraph "3" of the Complaint and denies the remaining allegations contained in paragraph "3" of the Complaint.

4. Denies in the form alleged the allegations contained in paragraph "4" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations regarding the independent municipal court proceedings contained in paragraph "4" of the Complaint and respectfully refers all questions of law to the Court.

5. Denies the allegations contained in paragraph "5" of the Complaint and respectfully refers all questions of law to the Court.

6. Neither admits nor denies the statements contained in paragraph "6" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court. To the extent that a response is required, the Port Authority denies any allegations contained in paragraph "6" of the Complaint.

7. Denies in the form alleged the allegations contained in paragraph "7" of the Complaint and respectfully refers all questions of law to the Court.

8. Neither admits nor denies the statements contained in paragraph "8" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court. To the extent that a response is required, the Port Authority denies any allegations contained in paragraph "8" of the Complaint.

**JURISDICTION AND VENUE**

9. Neither admits nor denies the statements contained in paragraph "9" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court. To the extent that a response is required, the Port Authority denies any allegations contained in paragraph "9" of the Complaint.

10. Neither admits nor denies the statements contained in paragraph "10" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court. To the extent that a response is required, the Port Authority denies any allegations contained in paragraph "10" of the Complaint.

11. The Port Authority admits having its principal place of business at 150 Greenwich Street, New York, New York 10007, and respectfully refers all questions of law to the Court. To the extent that a further response is required, the Port Authority denies any allegations contained in paragraph "11" of the Complaint.

### JURY DEMAND

12. Neither admits nor denies the statements contained in paragraph "12" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court.

### PARTIES

### Plaintiff

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint, except admits that Plaintiff is employed by the Port Authority.

14. Denies the allegations contained in paragraph "14" of the Complaint, except admits that Plaintiff is employed by the Port Authority and on or about August 4, 2016, Plaintiff visited the Port Authority's OMS located at 233 Park Avenue South, New York, NY 10003.

### Defendant

15. Denies the allegations contained in paragraph "15" of the Complaint, except admits that the Port Authority is a body corporate and politic created by compact between the States of

New York and New Jersey with the consent of the Congress of the United States, with its principal place of business located at 4 World Trade Center, 150 Greenwich Street, New York New York 10007.

16. Denies each and every allegation contained in paragraph "16" of the Complaint, except admits that the Port Authority operates an OMS, one of which was located at 233 Park Avenue South, New York, NY 10003.

17. Admits the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE CLASS ALLEGATIONS

19. Neither admits nor denies the statements contained in paragraph "19" of the Complaint because there are no factual allegations made therein and respectfully refers all questions of law to the Court. To the extent that a response is required, the Port Authority denies any allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint, except admits that the Port Authority employs approximately 8,000 employees and respectfully refers all question of law to the Court.

21. Denies the allegations contained in paragraph "21" of the Complaint and respectfully refers all question of law to the Court.

22. Denies the allegations contained in paragraph "22" of the Complaint and respectfully refers all question of law to the Court.

23. Denies the allegations contained in paragraph "23" of the Complaint and respectfully refers all question of law to the Court.

24. Denies the allegations contained in paragraph "24" of the Complaint and respectfully refers all question of law to the Court.

25. Denies the allegations contained in paragraph "25" of the Complaint and respectfully refers all question of law to the Court.

26. Denies the allegations contained in paragraph "26" of the Complaint and respectfully refers all question of law to the Court.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint and respectfully refers all question of law to the Court.

## STATEMENT OF FACTS

28. Denies each and every allegation contained in paragraph "28" of the Complaint, except admits Plaintiff is employed by the Port Authority.

29. Denies in the form alleged the allegations contained in paragraph "29" of the Complaint, except admits that on or about August 4, 2016, Plaintiff visited the Port Authority's OMS located at 233 Park Avenue South, New York, NY 10003.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint.

31. Denies in the form alleged the allegations contained in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint, except admits that Dr. Pascale Kerlegrand is employed by the Port Authority.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the independent municipal court proceedings to which the Port Authority is not a party contained in paragraph "34" of the Complaint and denies any remaining allegations.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37. Denies in the form alleged allegations contained in paragraph "37" of the Complaint.

38. Denies in the form alleged allegations contained in paragraph "38" of the Complaint.

39. Denies in the form alleged allegations contained in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint and respectfully refers all questions of law to the Court.

41. Denies the allegations contained in paragraph "41" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING COUNT I

**Pursuant to 42 U.S.C. § 1983, Defendant's Violations of the Fourth Amendment Against Named Plaintiff and Class Members**

42. In response to paragraph "42" of the Complaint, Defendant repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs "1" through "41" of its answer with the same force and effect as if fully set forth at length.

43. Denies the allegations contained in paragraph "43" of the Complaint and respectfully refers all questions of law to the Court.

44. Denies in the form alleged the allegations contained in paragraph "44" of the Complaint and respectfully refers all questions of law to the Court.

45. Denies the allegations contained in paragraph "45" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING COUNT II

**Pursuant to 42 U.S.C. § 1983, Defendant's Violations of the Fourteenth Amendment Against Named Plaintiff and Class Members**

46. In response to paragraph "46" of the Complaint, Defendant repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs "1" through "45" of its answer with the same force and effect as if fully set forth at length.

47. Denies the allegations contained in paragraph "47" of the Complaint and respectfully refers all questions of law to the Court.

48. Denies in the form alleged the allegations contained in paragraph "48" of the Complaint and respectfully refers all questions of law to the Court.

49. Denies in the form alleged the allegations contained in paragraph "49" of the Complaint and respectfully refers all questions of law to the Court.

50. Denies the allegations contained in paragraph "50" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING COUNT III

**Pursuant to 28 U.S.C. § 1367(a), Defendant's Violations of Named Plaintiff's and Class Members' Right Against Unreasonable Search Under N.Y. Const. art. I, § 12**

51. In response to paragraph "51" of the Complaint, Defendant repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs "1" through "50" of its answer with the same force and effect as if fully set forth at length.

52. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

53. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

54. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

55. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

## ANSWERING COUNT IV

**Pursuant to 28 U.S.C. § 1367(a), Defendant's Violations of Named Plaintiff's and Class Members' Right to Privacy Under N.Y. Const. art. I, § 6**

56. In response to paragraph "56" of the Complaint, Defendant repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs "1" through "55" of its answer with the same force and effect as if fully set forth at length.

57. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

58. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

59. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

60. The Court has dismissed Count III of the Complaint, and accordingly no answer is necessary.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. That punitive damages cannot be assessed against the Port Authority as a matter of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. That if Plaintiff failed to timely bring the within action, then her claims are barred by the applicable statute or statutes of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff is estopped and barred by her own conduct from requesting the relief set forth in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65. Defendant acted at all relevant times in accordance with federal law and the U.S. Constitution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66. That if Plaintiff failed to comply with the required conditions precedent to suit then this Court lacks subject matter jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff's damages and injuries, if any, were not the result of any governmental policy, pattern, practice, or custom of the Port Authority, and as such, the Port Authority is entitled to dismissal of Plaintiff's Complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68. The alleged incident and damages, if any, sustained by Plaintiff were wholly or in part caused by the culpable conduct of Plaintiff and that the amount of damages which may be recovered by Plaintiff shall be diminished in proportion to which her culpable conduct caused said damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. Defendant is entitled to absolute and qualified immunity and privilege.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. Defendant is entitled to "good faith" immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. Defendant is not liable as this case arises out of an alleged discretionary function or duty on the part of a governmental entity or employee.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72. The allegations contained in Plaintiff's Complaint do not rise to the level of a constitutional violation.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff has failed to mitigate her damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

74. Defendant's actions were at all times reasonable.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

75. The Port Authority cannot be held liable under the doctrine of *respondeat* superior.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

76. Defendants are entitled to a credit for any collateral source of benefits duplicating any benefit sought by Plaintiff in this lawsuit.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

77. Defendants did not violate any duty owed to Plaintiff under common law, statutes, regulations, or standards.

## PRAYER FOR RELIEF

78. **WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## JURY DEMAND

79. **PLEASE TAKE NOTICE** that Defendant demands a trial by jury on all issues.

## RESERVATION OF DEFENSES AND OBJECTIONS

80. Defendant hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis thereof.

## RESERVATION TO STRIKE

81. Defendant hereby expressly reserves and does not waive the right to move at or before trial of this matter to strike the Complaint on the grounds set forth in the affirmative defenses. Defendant reserves the right to move at or before trial of this matter to strike the Complaint because it fails to set forth a cause of action. Defendant reserves the right to move at or before trial of this matter to strike the Complaint because there is no jurisdiction over Defendant and/or common law or statutory law bars the action.

Dated: New York, New York
February 26, 2019

Respectfully yours,

Port Authority Law Department
*Attorney for Defendant*
The Port Authority of New York and New Jersey

BY: /s/David R. Kromm
David R. Kromm, Esq. (DK-9118)
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
(212) 435-3483

To: All counsel of record (via ECF)