UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLENE TALARICO,

                Plaintiff,

    -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.
------------------------------------------------------------------x

**AFFIDAVIT**

18-cv-0909 (JPO)

STATE OF NEW YORK    )
                    ) SS:
COUNTY OF NEW YORK  )

    **JOSEPH PANIO**, being duly sworn, deposes and says:

    1. I am employed as the Manager of Property Management for the Port Authority Division of Office Space Services and Property Management.

    2. As part of my duties and responsibilities, I am familiar with the operation, monitoring, recording, retrieval and retention policies concerning video recordings within certain Port Authority properties that fall under my purview, one of which was the Office of Medical Services ("OMS") located at 233 Park Avenue South, New York, New York between the years of 2002 and 2017.

    3. This affidavit is made in reference to the case *Charlene Talarico v. Port Authority of New York and New Jersey, Docket No.: 18-CV-0909 (JPO)*.

    4. Prior to signing this affidavit, at the request of the attorneys for the Port Authority, I reviewed internal records and communication concerning the surveillance system that was in place at OMS between 2002 and 2017.

5. Based upon my familiarity with the Port Authority's surveillance system at the prior mentioned OMS location, I have firsthand knowledge that the surveillance systems therein retained video surveillance for thirty (30) days on a localized server.

6. Based on my familiarity with the surveillance system at the prior mentioned OMS location, I also have first-hand knowledge of which cameras were monitored through live feed and which cameras lacked monitoring capacity and simply recorded.

7. Among the cameras installed at the prior mentioned OMS location, a camera was also installed within the Emergency Room/exam room at OMS at the request of personnel within the medical department.

8. The camera at issue in the underlying matter was installed for the purpose of surveilling a medicine cabinet against theft of narcotics. To this end the camera at issue was affixed at a high point to specifically view/capture videos/images of the medicine cabinet and not the entire Emergency Room/exam room.

9. The camera at issue was removed before OMS vacated the 233 Park Avenue South location.

10. The camera at issue was not monitored through live feed and simply recorded video which was automatically retained on a local server for thirty (30) days.

11. The only instance in which footage from the camera at issue could be viewed was if it was requested through or by the Office of Inspector General ("OIG") and the OIG's office granted its release.

12. As it relates to the underlying matter, according to internal records, the only instance in which the video was viewed was in response to a direct request from the OIG's office.

13. According to internal records, the video at issue was requested by the OIG's office. In their request, the OIG's office specified search parameters of August 4, 2016 between the hours

of 12 p.m. to 3 p.m. at OMS on the 8th floor. This request was submitted to then Security Technologies Administrator Joseph Boyle of the Real Estate Services Department.

14. Thereafter, using the search parameters provided, Joseph Boyle downloaded all the videos for the requested period subject to the parameters provided.

15. Upon completion Mr. Boyle then exported the footage to DVD and notified the OIG's office of its completion, where to retrieve the DVD and instructions on how to view the videos therein.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

5/24/2021  
Date

*Joseph Panio*  
Signature

On the __24th__ day of May, 2021 before me, the undersigned, personally appeared **Joseph Panio**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledge to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person on behalf of which the individual acted, executed the instrument.

*Emily Shaw*  
Notary Public  
Notary ID:  
Expiration:

EMILY SHAW  
NOTARY PUBLIC, State of New York  
No. 01SH6318208  
Qualified in New York County  
Commission Expires Jan. 20, 20 23

-3-